# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ERIC DURAN MACK,

    Plaintiff,

vs.

BRIAN SANDOVAL, et al.,

    Defendants.

Case No. 2:12-cv-02171-JCM-NJK

**ORDER**

    Plaintiff, who is a prisoner in custody at the Southern Desert Correctional Center, has submitted an application to proceed <u>in forma pauperis</u> (#1). The court finds that plaintiff is unable to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff still must pay the filing fee in full through monthly installments. 28 U.S.C. § 1915(b)(2).

    Plaintiff has submitted a motion to amend (#4). The court grants this motion.

    The court has reviewed the amended complaint, and the court will dismiss the action. When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .
>
> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citations omitted).

Plaintiff alleges that on February 16, 2012, an initial classification hearing determined that he would not be eligible for minimum security because he was a sex offender. Over the next eight months, plaintiff argued that he was not a sex offender. Of the two cases that were the basis for the sex-offender classification, one case was dismissed and sealed in 1996, and plaintiff was acquitted after a jury trial in the other case in 2011. Plaintiff further alleges that the full warden's classification committee removed the sex-offender classification on October 8, 2012. Plaintiff alleges that he is suffering some consequences from the classification.

First, plaintiff claims that defendants are not placing him into minimum security even though he now is qualified for it. The court cannot grant relief on this claim because plaintiff has no right to classification in a particular security level. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976).

Second, plaintiff claims that he was denied parole on November 26, 2012, because the parole board held him responsible for the two cases described above. Plaintiff has no federal constitutional right to parole. Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7-8, 10-11 (1979). A state may create a liberty interest in parole that is protected by the Fourteenth Amendment, if the statute contains mandatory language and limits the discretion of the parole board. Bd. of Pardons v. Allen, 482 U.S. 369, 375-79 (1987). Nevada's parole scheme does not create a protected liberty interest. Moor v. Palmer, 603 F.3d 658, 661-62 (9th Cir. 2010). Because

plaintiff does not have a protected liberty interest in parole, he has failed to state a claim upon which relief can be granted.  See id. at 662.

Third, plaintiff claims that if he never was classified as a sex offender in February 2012, he would have been eligible to take classes and participate in other activities that would have given him credits toward an earlier release, about eight or nine months.  Plaintiff does not ask the court to order the defendants to give him those credits, but he does seek monetary damages.  "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  See also Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).  The rule of Heck applies to prison disciplinary proceedings.  See Muhammad v. Close, 540 U.S. 749, 751-52 (2004); Edwards v. Balisok, 520 U.S. 641, 647-48 (1997).  Plaintiff has not had the issue of the credits resolved through one of these methods, and thus the court cannot grant plaintiff any monetary relief.

The defects that the court described cannot be cured by amendment.  As a matter of law, plaintiff's claims fail.  For the same reason, the court certifies that any appeal from this decision would not be taken in good faith.

Plaintiff has filed a motion for appointment of counsel (#2).  The court denies this motion because the court is dismissing the action.

IT IS THEREFORE ORDERED that plaintiff's application to proceed in forma pauperis (#1) is **GRANTED**.  Plaintiff shall not be required to pay an initial partial filing fee.  However, plaintiff still must pay the full filing fee pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (inmate #53438), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action.

1  The clerk shall send a copy of this order to the finance division of the clerk's office.  The clerk shall
2  also send a copy of this order to the attention of the chief of inmate services for the Nevada
3  Department of Corrections, P.O. Box 7011, Carson City, NV 89702.
4      IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (#2) is
5  **DENIED**.
6      IT IS FURTHER ORDERED that plaintiff's motion to amend (#4) is **GRANTED**.  The
7  clerk of the court shall file the amended complaint, which is attached to the motion to amend (#4).
8      IT IS FURTHER ORDERED that this action is **DISMISSED** for failure to state a claim
9  upon which relief can be granted.  The clerk of the court shall enter judgment accordingly.
10     IT IS FURTHER ORDERED that any appeal from this action is not taken in good faith.
11     DATED: April 12, 2013.

_____
JAMES C. MAHAN
United States District Judge